# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1634

_____

United States of America,            *
                                    *

        Appellee,       *   Appeal from the United States
                                   *   District Court for the
     v.                   *   District of Nebraska.
                                   *

Jose Barajas-Perez,           *   [UNPUBLISHED]
                                   *

        Appellant.      *

_____

Submitted: March 21, 2006
Filed: March 27, 2006

_____

Before WOLLMAN, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal following remand for resentencing, Jose Barajas-Perez (Jose) challenges his sentence of 135 months imprisonment and 5 years supervised release. His counsel has moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the district court[1] at resentencing violated the law of the case by reconsidering alleged false testimony Jose had given at his nephew's criminal trial in determining where to sentence Jose within the advisory Sentencing Guidelines range. We affirm.

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

Under the law-of-the-case doctrine, once a court decides upon a rule of law, that decision is usually binding at subsequent stages of the same case. See United States v. Hively, 437 F.3d 752, 766 (8th Cir. 2006). We conclude that the district court did not violate the law of the case when it sentenced Jose at the top of the Guidelines range for having lied at his nephew's trial, because such a finding is not necessarily the same as the finding required to enhance for obstruction of justice. See U.S.S.G. § 3C1.1 comment. (n.1) (obstruction-of-justice adjustment applies if defendant's obstructive conduct occurred during course of investigation, prosecution, or sentencing of defendant's instant offense of conviction, and related to defendant's offense and any relevant conduct or to otherwise closely related case), (n.4) (non-exhaustive list of types of conduct to which adjustment applies). Moreover, the finding that Jose lied was based on new evidence, i.e., evidence that could not have been submitted until after Jose's first sentencing hearing. See United States v. Palmer, 297 F.3d 760, 766 (8th Cir. 2002) (decision in prior appeal is followed in later proceedings unless, inter alia, party introduces substantially different evidence), cert. denied, 538 U.S. 937 (2003).

We have reviewed the resentencing record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), and we have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____